UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Petitioner* | § | |
| | § | |
| vs. | § | NO. 4:17-MC-1557 |
| | § | |
| JOHN PARKS TROWBRIDGE, | § | |
| | § | |
| *Respondent* | § | |

# ORDER AND
# REPORT AND RECOMMENDATION

On July 17, 2018, the Court held a show cause hearing on Petitioner United States of America's ("Petitioner" or "IRS") motion for sanctions. ECF No. 25, motion for contempt, ECF No. 43, and motion to dismiss, ECF No. 60.[1] In addition to Petitioner's motions, currently pending before the Court are various motions the Respondent John Parks Trowbridge ("Respondent" or "Trowbridge") filed, styled as motions for disclosure to show authority or motions to dismiss.[2]

---

[1] On February 2, 2018, Judge Ellison referred this case for all pretrial matters, Order, ECF No. 28. This Court has authority to issue a Report and Recommendation on dispositive motions and orders on non-dispositive motions. 28 U.S.C.A. § 636(b)(1).

[2] Amended Motion for Disclosure of the Taxing Statute upon which the Petition is Based or Dismissal with Prejudice of the Petition for Failure to State a Claim upon which Relief can be Granted, ECF No. 24; Demand for the Constitutional Authority that gives the Court Capacity to take Jurisdiction and Enter an Order Against Respondent in Harris County, Texas or Dismissal with Prejudice of this Case for Lack of Constitutional Authority, ECF No. 29; Motion to Dismiss with Prejudice this Case for Lack of Constitutional Authority that gives the Court the Capacity to

1

## I. BACKGROUND

Petitioner United States of America through the IRS filed a petition to enforce a summons for Trowbridge to appear, testify, and produce documents so that his tax liability for the years 2011 to 2014 could be calculated. ECF No. 1 at 2. This Court issued an Order to Show Cause. ECF No. 2. Despite this Court's order, Trowbridge failed to appear at the show cause hearing. Pet'r's Opp'n to Resp't's Am. Mot. for Disclosure of the Taxing Statute at 2, ECF No. 25. After the hearing, the Court issued an order compelling Trowbridge to comply with the IRS's summons and appear for an interview on October 2, 2017. ECF No. 11.

Trowbridge filed a motion under Rule 60(b)(4), seeking relief from the Court's order compelling compliance with the IRS summons and challenging the Court's jurisdiction to issue the order. ECF No. 12. The Court construed the motion as a motion to reconsider, and denied it on the basis that it lacked legal and factual support. ECF No. 13.

On October 2, 2017, Trowbridge appeared at the IRS's office to meet with Revenue Agent Kendria Bruno and Special Counsel Lewis Booth. ECF No. 15 at

---

take Jurisdiction or Enter an Order in Harris County, Texas, ECF No. 30; Amended Motion to Dismiss (12(b)(6)), ECF No. 32; Motion to Dismiss with Prejudice this Case for Petitioner's Fraud on the Court, Failure to State a Claim upon which Relief can be Granted ((12)(b)(6)), and Unclean Hands, ECF No. 36; Motion to Dismiss for Lack of Standing, ECF No. 41; Request for Dismissal, ECF No. 42; Demand for Disclosure of the Nature and Cause of this Alleged Action in Equity, ECF No. 49. Two other motions filed by Respondent, Motion for Disclosure of the Taxing Statute, ECF No. 23, and Motion to Dismiss (12(b)(6)), ECF No. 31, are mooted by amendment.

4–5. During questioning, Trowbridge repeatedly invoked the Fifth Amendment, answering certain questions but refusing to answer others. *Id.* at 51–62. Trowbridge refused to produce any documents for the same reason he refused to answer questions, which brought the interview to an end. *Id.* at 62–63.

After the interview, Trowbridge filed a motion, seeking immunity against potential self-incrimination. ECF No. 14. The Court denied his request, concluding that Trowbridge's refusal to answer questions and to produce the summoned documents was not justified based on the IRS's representations of the civil nature of its inquiry. ECF No. 22 at 6. In its order, the Court recounted Trowbridge's litigation history with the government, challenging in prior matters, as he does here, the IRS's authority to impose taxes on him. This Court warned Trowbridge at that time to comply with the order to avoid future sanctions. *Id.*[3]

Instead of adhering to the warning and complying with the Court's order compelling him to cooperate with the IRS's summons, Trowbridge inundated this Court's docket with a litany of filings that either challenged the IRS's authority to issue the summons or the Court's authority over this case, in addition to demanding disclosure of the statutory basis on which the IRS would rely to determine his tax liability. As he did in his earliest filings in this case, he

---

[3] The Court previously denied Trowbridge's motions to dismiss and for summary judgment. Respondent argued the Internal Revenue Code does not apply to him, asserting he is not a person or citizen or resident of the United States. The Court held Respondent failed to suggest any defect in the IRS's process. Show Cause Hr'g Tr. (Sept. 13, 2017) 15:18-19, ECF No. 18.

complains about the IRS's failure to identify any particular statute that makes him liable for taxes. *See, e.g.,* ECF No. 24. He eventually contends that the IRS is a private entity, is making a contractual claim, and the IRS (holding itself out as a government entity) has no authority to act. *See, e.g.,* ECF Nos. 32, 36, 41, 49. In addition, Trowbridge contends this court does not have authority or jurisdiction over this matter. ECF Nos. 29, 30. Each of his "motions" contains a slightly different twist, but the arguments are the same.

As the Court recognized in its previous order, the "patent frivolousness of these and other arguments has brought Trowbridge consistent defeat—as well as sanctions, oftentimes—in previous disputes." ECF No. 22 at 2 (citing *United States v. Trowbridge*, 591 F. App'x 298 (5th Cir. 2015); *Trowbridge v. C.I.R.*, 378 F.3d 432 (5th Cir. 2004); *United States v. Trowbridge*, 251 F.3d 157 (5th Cir. 2001)). Respondent has not filed a notice of appeal of the Court's order enforcing the summons.

The IRS filed a motion for contempt in May 2018, asserting that despite its efforts since May 2017 to obtain Respondent's tax information for 2011 through 2014, and this Court's order compelling compliance with the IRS's summons, it had not obtained the information. ECF No. 43.[4] Respondent opposed the motion.

---

[4] A United States Magistrate Judge has the power to exercise contempt authority as set forth in 28 U.S.C. § 636(e). Under § 636(e)(B)(6), a Magistrate Judge has the authority in non-consent cases to certify the facts to a district judge and may serve or cause to be served an order to show

4

ECF No. 47. This Court issued another Order to Show Cause, ECF No. 50, and heard arguments on this motion at the July 17 show cause hearing. The day before the hearing, Trowbridge produced some documents to the IRS and filed a notice of his compliance. ECF No. 51. Both parties appeared at the July 17 hearing, and the Court ordered them to confer in person. Show Cause Hr'g Tr. (July 17, 2018) 3:22-5:6, 9:11-24, ECF No. 54. Trowbridge complied with the testimonial portion of the summons, and substantially complied with the documentary portion. *Id.* at 10:20-11:4; *see also* ECF No. 51. The parties jointly agreed that Trowbridge would produce either in person or by mail six remaining categories of documents to the IRS agent by July 25, 2018, and Petitioner would notify the Court whether Trowbridge fully complied with the summons. ECF No. 54 at 10:20-11:4. The Court entered an order to that effect. ECF No. 52. On August 1, 2018, Petitioner notified the Court that Respondent fully complied with the summons, ECF No. 58, withdrew its motion for contempt, ECF No. 59, and filed a motion to dismiss the case with prejudice in light of Respondent's compliance, ECF No. 60.

Having considered the motions, responses, applicable law, and the arguments presented during the show cause hearing, the Court concludes that the

---

cause upon any person whose behavior is brought into question, requiring such person to appear before a District Judge, who will determine contempt. *Deutsch v. Travis County Shoe Hospital, Inc.*, 721 Fed. App. 336, 340 (5th Cir. 2018) (Magistrate Judge shall certify the facts on contempt motion to the District Judge); *F.D.I.C. v. LeGrand*, 43 F.3d 163, 165 n.3 (5th Cir. 1995) (Magistrate Judge issued report and recommendation on contempt issue).

Petitioner's motion for sanctions should be granted. In addition, since the IRS withdraws its motion for contempt, and filed a motion to dismiss based on Respondent's compliance, the Court recommends that the IRS's motion to dismiss should be granted. Finally, the Court recommends that all of Respondent's motions should be denied as nullities.

## II. ANALYSIS

### A. Respondent's Filings Are Frivolous.

While the IRS ultimately obtained the relief it originally sought, it took over a year to secure compliance with the summons. Furthermore, it was on the receiving end of Trowbridge's "motion" practice. Trowbridge is a medical doctor, but despite his strongly held belief that he does not have to file tax returns, he has chosen not to hire counsel to represent him in these ongoing tax disputes. Show Cause Hr'g Tr. (July 17, 2018) 12:10-20, ECF No. 54. Instead, he represents himself.

Although the Court must liberally construe a *pro se* litigant's filings in his favor, and his papers are held "to less stringent standards than formal pleadings drafted by lawyers," *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (quoting *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (per curiam)); *accord Hawbecker v. Hall*, 88 F. Supp. 3d 723, 726 (W.D. Tex. 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), a *pro se* litigant is not "exempt … from

compliance with the relevant rules of procedural and substantive law," *Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Trowbridge has filed a succession of motions to dismiss, demands for disclosure of authority, and notices, which are not supported under the Federal Rules of Civil Procedure or other applicable law. Construing his filings liberally in his favor does not save him.

This Court already fully explained the IRS's and the Court's Constitutional and statutory authority to issue and order enforcement of the summons, respectively:

> The U.S. Constitution gives Congress the power to lay and collect taxes. U.S. Const. Art. 1, § 8, cl. 1. The Sixteenth Amendment specifically authorizes taxes on incomes. U.S. Const. amend. XVI. The statutory framework for levying, calculating, and collecting taxes is the Internal Revenue Code, found in Title 26 of the U.S. Code. The Internal Revenue Code gives district courts "jurisdiction by appropriate process to compel [the] attendance, testimony, or production of books, papers, or other data" of "any person summoned under the internal revenue laws." 26 U.S.C. § 7402(b). Another provision, 26 U.S.C. § 7604(a), confers the same authority. "[T]he effective operation of the revenue system requires that the Commissioner [of Internal Revenue] be free to inspect taxpayers' records in order to ensure compliance with the revenue laws." *United States v. Roundtree*, 420 F.2d 845, 850–51 (5th Cir. 1969).

ECF No. 22 at 4-5. The Court previously considered and denied Trowbridge's motion for relief from its order compelling compliance with the summons. ECF No. 13. Trowbridge failed to appeal.

7

Since the order compelling compliance was entered, Trowbridge has done nothing but attempt to prevent the IRS from obtaining the information to which it is entitled. None of his filings are well grounded in fact or law. There is no procedural rule that allows the successive filings of motions to dismiss, particularly once the court grants the ultimate relief requested.[5] The Respondent's filings styled as motions to dismiss and disclosure are nothing more than additional motions seeking relief from this Court's order, which the Court previously denied. Trowbridge has failed to assert any legally or factually supported basis for that relief and all of his motions are frivolous.

### B. The Court Lacks Jurisdiction To Rule On Respondent's Motions To Dismiss And/or For Reconsideration.

More significantly, the Court lost jurisdiction over that part of the case when the appeal deadline passed without the filing of a notice of appeal.[6] An order compelling compliance with an IRS summons is an appealable order. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 18 n.11 (1992) ("[A] district court

---

[5] *See e.g., Amrhein v. United States,* No. 4:16-CV-223, 2017 WL 3907449, at *3 (E.D. Tex. Sept. 6, 2017) (finding warning to plaintiff for frivolous, meritless, and repeated requests for reconsideration was appropriate); *Fharmacy Records v. Nassar*, No. 05-72126, 2008 WL 11355569, at *3 (E.D. Mich. Dec. 4, 2008) ("Repeated requests for reconsideration are disapproved and should be viewed with caution, since there is no authority in the rules of civil procedure for seeking reconsideration of the denial of a motion for reconsideration.").

[6] The Court retains jurisdiction to enforce its orders. *Burdine v. Johnson*, 87 F. Supp. 2d 711, 717 (S.D. Tex. 2000) ("[A] district court generally retains jurisdiction to enforce its prior orders.") (citing *Plaquemines Parish Comm'n Council v. United States*, 416 F.2d 952, 954 (5th Cir. 1969)); *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 76 (5th Cir. 1995) (district court retains jurisdiction to enforce judgment through contempt sanctions); *Alberti v. Klevenhagen*, 46 F.3d 1347, 1358-59 (5th Cir. 1995) (same).

order enforcing a summons is appealable as a final order.") (citing *Reisman v. Caplin*, 375 U.S. 440 (1964)).

"[A] district court retains jurisdiction until the time for filing an appeal has expired or until a valid notice of appeal is filed. When a timely Rule 59(e) motion has been filed, the district court retains jurisdiction for thirty days after ruling on the motion." *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994); *accord Thomas v. St. Martin Par. Sch. Bd.*, 879 F. Supp. 2d 535, 544 (W.D. La. 2012) (the court lost subject matter jurisdiction over the portion of the suit adjudicated in the order at least by the time the deadlines for filing motions under Rules 59 and 60 had run), *aff'd sub nom., Thomas ex rel. D.M.T. v. Sch. Bd. St. Martin Par.*, 756 F.3d 380 (5th Cir. 2014). A Rule 59(e) motion is a motion to alter or amend a judgment. FED. R. CIV. P. 59(e). While here Trowbridge filed his motion for relief from the Court's order compelling compliance with the summons under Rule 60(b) which provides for relief from a judgment or order, the Court construed the motion generally as a motion for reconsideration.[7] ECF No. 13 at 1.

Once the Court denied Trowbridge's motion for reconsideration on September 26, 2017, Trowbridge had 30 days to appeal. FED. R. APP. P. 4(a)(1)(A);

---

[7] "The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but courts in the Fifth Circuit may treat motions for reconsideration as either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." *Cardoni v. Prosperity Bank*, No. H-14-1946, 2014 WL 6473283, at *1 (S.D. Tex. Nov. 18, 2014).

*see also id.* at 4(a)(4). Trowbridge failed to appeal, and instead filed additional motions starting in November 2017, after the time to appeal expired. Therefore, Trowbridge's filings are not only frivolous, they should be denied as nullities.[8]

### C. Petitioner Is Entitled To Sanctions.

Petitioner filed a motion for sanctions, asserting that Respondent has continued to make frivolous filings in these proceedings.[9] ECF No. 25. Petitioner's motion has merit.

---

[8] *See, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (where court of appeal lacked jurisdiction to hear appeal, the notice of appeal "was not merely defective; it was a nullity"); *accord MacNeil Bros. Co. v. Cohen*, 264 F.2d 190, 193 (1st Cir. 1959) ("The district court had no power to grant the relief sought in the motion, and hence the motion must be treated as a nullity."). Because the Court construes most of *pro se* Respondent's filings as motions for relief from the order compelling compliance, the Court makes a report and recommendation.

Trowbridge also filed two miscellaneous motions: *See* Motion to Compel Compliance with Subpoenas for the Production of Documents, and Request for Order to Show Cause Why Non-Party Rex W. Tillerson Should Not be Held in Contempt, ECF No. 38; and Request that the Court take Judicial Notice of Certain Corporate Documents and Data, ECF No. 46. The Motion to Compel requests documents from former Secretary of State Rex Tillerson that purportedly would show the IRS is a private corporation rather than a governmental entity, and the existence of a contract between the IRS and Trowbridge. The Request for Judicial Notice asks the Court to take notice of documents that appear to have been downloaded from the website of the Department of State of the State of Delaware, and relate to Trowbridge's argument that that the IRS and/or federal courts are private entities rather than governmental agencies. Both of these are equally as frivolous as his other motions and are likewise nullities. A magistrate judge has the authority to issue rulings on non-dispositive matters. *See DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.,* No. 4:11-CV-1355, 2014 WL 585753, at *1 (S.D. Tex. Feb. 14, 2014) (Harmon, J.) (recognizing a magistrate judge's authority to issue such rulings); *Mascitti v. Quarterman*, No. C-09-093, 2009 WL 4728003, at * (S.D. Tex. Dec. 3, 2009) (magistrate judge ruling on motion to take judicial notice).

[9] This Court has authority to order sanctions in civil cases as it is non-dispositive. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (reviewing Magistrate Judge's award of sanctions under its inherent power); *accord Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (court retains jurisdiction over collateral matters such as sanctions and contempt charges even after the principal suit has been terminated), *superseded by statute on other grounds*, FED. R. CIV. P. 11.

Rule 11 allows the court to award sanctions, even against a *pro se* litigant, for frivolous filings. An unrepresented party's signature on a document filed with the court constitutes a certification that:

> (1) he has conducted a reasonable inquiry into the facts which support the document; (2) he has conducted a reasonable inquiry into the law such that the document embodies existing legal principles or a good faith argument for the extension, modification, or reversal of existing law; and (3) the modification is not interposed for purposes of delay, harassment, or increasing the cost of litigation.

FED. R. CIV. P. 11(a); *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994).

In deciding whether to award sanctions, the court examines whether the litigant made a "reasonable inquiry" into the governing law. To make this determination, the court considers various factors, including: (1) the time available to prepare the filing; (2) the plausibility of the legal argument; (3) the *pro se* status of the litigant; and (4) the complexity of the legal and factual issues raised in the case. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 875-76 (5th Cir. 1988).

Although a *pro se* litigant may be "[s]everely limited in [his] ability to make effective use of legal materials and apply the law to objective reality," *L.F. v. Houston Independent School Dist.*, No. H-08-2415, 2009 WL 3073926, at *24 (S.D. Tex. Sept. 21, 2009) (quoting *Pankey v. Webster*, 816 F. Supp. 553, 562 (W.D. Mo. 1993)), *pro se* parties may be sanctioned "after successive attempts to

press a wholly frivolous claim," *Reinert v. O'Brien*, 805 F. Supp. 576, 579 (N.D. Ill. 1992). Sanctions are particularly appropriate when the *pro se* litigant was *warned* that additional frivolous filings would subject him to sanctions. *Goldgar v. Office of Administration*, 26 F.3d 32, 35-36 & n.3 (5th Cir. 1994) (warning *pro se* litigant that he would be subject to monetary and other sanctions if he continued to file baseless complaints).

Trowbridge has a long history of fighting the IRS.[10] Early in this matter, the Court observed that Trowbridge had a history of frivolous litigation and had been sanctioned in the past. ECF No. 22 at 2. In fact, Trowbridge has been fighting the IRS for decades, contesting his tax liabilities from as early as 1991, and has been repeatedly sanctioned for frivolous conduct. *See, e.g., United States v. Trowbridge*, 591 F. App'x at 299-300 (imposing sanctions in the amount of $8,000 for frivolous appeal, and barring him from filing further appeals in the Fifth Circuit until the sanction is paid and a district court certifies his appeal as having merit); *Trowbridge v. C.I.R*, 378 F.3d at 433 (affirming Tax Court's sanction of $25,000 for making frivolous arguments and adding $6,000 for raising the same arguments on appeal); *accord Trowbridge et al. v. C.I.R.*, 2003 WL 21278475, at *10

---

[10] *See, e.g., United States v. Trowbridge*, 591 F. App'x 298; *Trowbridge v. C.I.R.*, 378 F.3d 432; *United States v. Trowbridge*, 251 F.3d 157; *United States v. Trowbridge*, No. 9:14-CV-138, 2016 WL 829684 (E.D. Tex. Mar. 3, 2016); *Trowbridge v. I.R.S.*, No. 4:13-CV-1850, 2013 WL 6002205 (S.D. Tex. Nov. 12, 2013); *Trowbridge v. I.R.S.*, No. H-00-4426, 2001 WL 1172417 (S.D. Tex. Aug. 28, 2001); *Trowbridge v. C.I.R.*, T.C. Memo. 2003-164, 2003 WL 21278475 (T.C. 2003); *Trowbridge v. C.I.R.*, T.C. Memo. 2003-165, 2003 WL 21278414 (T.C. 2003).

(imposing $25,000 sanction for making frivolous arguments that caused delay regarding his 1991-1995 tax liabilities); *Trowbridge et al. v. C.I.R.*, 2003 WL 21278414 at *10 (imposing $25,000 sanction for making similar frivolous arguments that caused delay regarding his 1996-1997 tax liabilities); *see also* ECF No. 25 8-10 & n.1 (detailing Trowbridge's litigation history and sanctions other courts have imposed). At the Court's show cause hearing on July 17, 2018, Trowbridge acknowledged he has previously been warned regarding frivolous filings. Show Cause Hr'g Tr. (July 17, 2018) 12:24-18:10, ECF No. 54.

In addition, prior courts rejected iterations of the same arguments Trowbridge advanced in this case as frivolous and/or meritless. *See, e.g., United States v. Trowbridge*, 591 F. App'x at 299 (rejecting as frivolous arguments that "district courts lack subject matter jurisdiction over tax actions against residents of states" and that Trowbridge "is not a citizen of the United States"); *Trowbridge v. C.I.R.*, 378 F.3d at 432 (rejecting as frivolous arguments that the Tax Court lacked jurisdiction, that he was not a "'resident' of Texas or a 'taxpayer' subject to federal tax laws," that there is no applicable contract or agreement with the IRS, and that he has not accepted any benefits from the United States); *United States v. Trowbridge*, 251 F.3d at *1-2 (rejecting argument that IRS must identify a particular statute that makes him liable for taxes prior to issuing a summons); *United States v. Trowbridge*, 2016 WL 829684, at *1 (rejecting as frivolous

arguments that the district court lacks subject matter jurisdiction over tax matters, and that he is a resident of Texas and therefore exempted from the court's jurisdiction); *United States v. Trowbridge*, No. 9:14-CV-138, 2016 WL 836486, at *4-5 (E.D. Tex. Jan. 22, 2016) (same) (also rejecting arguments that the court and the government are engaged in fraud and conspiracy to commit fraud against him), *report and recommendation adopted*, 2016 WL 829684 (E.D. Tex. Mar. 3, 2016); Order at 8-9, *United States v. Trowbridge*, No. 4:99-MC-387 (S.D. Tex. Mar. 15, 2001), ECF No. 32 (rejecting any basis for Trowbridge to assert a Fifth Amendment privilege as to documents sought by IRS summons, and ordering enforcement of summons); *Trowbridge v. C.I.R.*, 2003 WL 21278414, at *5, 10 (rejecting as frivolous arguments that Tax Court lacked subject matter and personal jurisdiction, that he has no contract with the IRS, that he has not accepted any benefits from the United States, that he is not a citizen, and that payment of taxes is voluntary); *Trowbridge v. C.I.R.*, 2003 WL 21278475, at *4-5, 10 (same); *see also* Show Cause Hr'g Tr. (Sept. 13, 2017) 9:3-10, 15:10-21, ECF No. 18 (rejecting arguments that IRS has no taxing authority and he is not a citizen subject to tax laws); ECF No. 22 at 3-6 (rejecting arguments that the IRS lacks taxing authority and that he is entitled to invoke the Fifth Amendment to avoid complying with IRS summons).

As the Fifth Circuit has aptly stated, Trowbridge

presents "shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts." … We do not address arguments further as there is "no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest these arguments have some colorable merit." They have no merit at all.

*United States v. Trowbridge*, 591 F. App'x at 299 (citations omitted);[11] *see also, e.g.,* Show Cause Hr'g Tr. (Sept. 13, 2017) 3:16-24, 4:14-21, ECF No. 18.

In light of this history and his early actions in this matter, the Court warned Trowbridge to comply to avoid further sanctions. ECF No. 22 at 6. Despite the warning, Respondent filed at least 15 frivolous and baseless motions, notices, and objections and failed to turn over the information to the IRS as the Court ordered until after receiving notice of the July 17 show cause hearing.[12] As the Fifth Circuit has long recognized, the recipient of these frivolous filings should not have to respond to them and the court should not be forced to review and rule on them:

> We are sensitive to the need for the courts to remain open to all who seek in good faith to invoke the protection of law. An appeal that lacks merit is not always—or often—frivolous. However, we are not obliged to suffer in silence the filing of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority. Crain's present appeal is of this sort. It is a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish. The government should not have been

---

[11] *See also, e.g., Crain v. Commissioner*, 737 F.2d. 1417, 1417-18 (5th Cir. 1984) (rejecting taxpayer's arguments "that he 'is not subject to the jurisdiction, taxation, nor regulation of the state,' that the 'Internal Revenue Service, Incorporated' lacks authority to exercise the judicial power of the United States, that the Tax Court is unconstitutionally attempting to exercise Article III powers, and that jurisdiction over his person has never been affirmatively proven" as frivolous).

[12] ECF Nos. 24, 29, 30, 32, 35, 36, 38, 39, 40, 41, 42, 45, 46, 48, 49.

put to the trouble of responding to such spurious arguments, nor this court to the trouble of "adjudicating" this meritless appeal.

*United States v. Saul*, No. 5:09-CV-69, 2011 WL 13220641, at *2 (E.D. Tex. Dec. 2, 2011) (quoting *Crain v. Commissioner*, 737 F.2d. 1417, 1418 (5th Cir. 1984)).[13]

Based on the record in this case, the Court concludes that the IRS's motion for sanctions has merit. This *pro se* litigant has filed 15 motions, notices, and objections, each one without any legal or factual basis. Moreover, he continued to file these patently frivolous "motions" after the Court warned against it. He filed these motions after the Court issued a show cause order, ordered compliance, and denied his motion for immunity, all indicating the lack of merit of his position. His conduct is sanctionable, particularly since Trowbridge filed 11 additional frivolous filings after the IRS filed the motion seeking sanctions.[14]

---

[13] Trowbridge has filed four notices, informing the Court that the IRS has failed to respond to several of his motions. *See* ECF Nos. 35, 39, 40, and 42 (ECF No. 37 is mooted by amendment). He asserts that the Court should consider the failure to respond as the government's non-opposition to his motions under the local rule 7.4 and the case should be dismissed. *Id*. Because it is improper to dismiss an action merely due to a lack of response, this Court must carefully consider the merits of the unanswered dispositive motion. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985). As discussed, Respondent's motions are entirely frivolous because they are not based on fact or law and are without merit regardless of whether the IRS responded to each one. Given that the Court lacked jurisdiction to entertain those motions seeking relief from the Court's order compelling compliance with the tax summons, and the fact that the IRS opposed the first filing and requested sanctions, the record does not support a finding that the IRS did not oppose these frivolous filings.

[14] *See* Objection to any Further Business in this Alleged Action in Equity, ECF No. 45; Objection for Substitution of Real Party in Interest, ECF No. 48; *see also* ECF Nos. 29, 30, 32, 36, 38, 41, 42, 46, 49.

On filing of an affidavit in support, the Court will award the IRS monetary sanctions for its attorney fees incurred in responding to Respondent's motion and obtaining sanctions.

### III.  CONCLUSION

The Court **ORDERS** that:

1. Petitioner's Motion for Sanctions, ECF No. 25, is **GRANTED**. Petitioner shall file an affidavit in support of an award of its attorneys' fees no later than **August 10, 2018**.

2. Respondent's Motion to Compel compliance with subpoena and request for order to show cause is **DENIED** as a nullity. ECF No. 38.

3. Respondent's request for judicial notice is **DENIED** as a nullity. ECF No. 46.

The Court **RECOMMENDS** that:

1. Respondent's Motion for disclosure of taxing statute should be **DENIED** as moot. ECF No. 23.

2. Respondent's Amended Motion for disclosure of taxing statute should be **DENIED** as a nullity. ECF No. 24.

2. Respondent's Demand for constitutional authority that gives the Court jurisdiction should be **DENIED** as a nullity. ECF No. 29.

3. Respondent's Motion for constitutional authority should be **DENIED** as a nullity. ECF No. 30.

4. Respondent's Motion to Dismiss should be **DENIED** as moot. ECF No. 31.

5. Respondent's Amended Motion to Dismiss should be **DENIED** as a nullity. ECF No. 32.

6. Respondent's Motion to Dismiss on the basis of fraud, failure to state a claim, and unclean hands should be **DENIED** as a nullity. ECF No. 36.

7. Respondent's Motion to Dismiss for lack of standing should be **DENIED** as a nullity. ECF No. 41.

8. Respondent's Request for Dismissal should be **DENIED** as a nullity. ECF No. 42.

9. Respondent's Objection to any Further Business in this Alleged Action in Equity should be **DENIED** as a nullity. ECF No. 45.

10. Respondent's Objection for Substitution of Real Party in Interest should be **DENIED** as a nullity. ECF No. 48.

11. Respondent's Demand for disclosure of the nature and cause of this action should be **DENIED** as a nullity. ECF No. 49.

12. Petitioner's notice to withdraw its motion for contempt should be **GRANTED**, ECF No. 59, and the motion for contempt should be **DENIED** as withdrawn, ECF No. 43.

13. Petitioner's motion to dismiss should be **GRANTED**. ECF No. 60.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed on August 3, 2018.

_____
Dena Hanovice Palermo
United States Magistrate Judge